FLORENCE T. NAKAKUNI    #2286
United States Attorney
District of Hawaii

KENNETH M. SORENSON
MARION PERCELL
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mails:    Ken.Sorenson@usdoj.gov
            Marion.Percell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 13-00512 DKW |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE (AS TO SPECIFIC |
| vs. | ) | PROPERTY) AND |
| | ) | ORDER OF FORFEITURE |
| GEORGE LINDELL and   (01) | ) | (MONEY JUDGMENT) |
| HOLLY HOAEAE,        (02) | ) | |
| | ) | |
| Defendants. | ) | |

PRELIMINARY ORDER OF FORFEITURE (AS TO SPECIFIC PROPERTY)
AND ORDER OF FORFEITURE (MONEY JUDGMENT)

WHEREAS, on October 23, 2014, a Second Superseding Indictment was returned against defendants George Lindell and Holly Hoaeae charging them, in Counts 1 through 15, with mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, and charging defendant Lindell, in Counts 16 through 20,

1

with conducting transactions in criminally derived property in violation of 18 U.S.C. § 1957; and

WHEREAS the Second Superseding Indictment included forfeiture allegations giving notice that the United States would seek forfeiture of (1) any property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses set forth in Counts 1 through 15 of the Second Superseding Indictment, including but not limited to (a) $27,000 contained in Wells Fargo IRA Account Number XXX-7984 held in the name of George Lindell, and (b) a sum of money equal to $8,626,588.86 in United States currency, which represents the proceeds obtained by the defendants as a result of the mail fraud and wire fraud offenses alleged in Counts 1 through 15 of the Second Superseding Indictment; and (2) any property, real or personal, involved in the offenses set forth in Counts 16 through 20 of the Second Superseding Indictment, including but not limited to a sum of money equal to the amount of United States currency identified in the offenses charged in Counts 16 through 20 of the Second Superseding Indictment, as alleged in the Second Superseding Indictment; and

WHEREAS, on May 27, 2015, a jury sitting in the United States District Court for the District of Hawaii returned a verdict finding defendants George Lindell and Holly Hoaeae guilty of Counts 1, 3-4, and 6-10, which charged mail fraud offenses in violation of 18 U.S.C. § 1341, and of Counts 14-15, which charged wire fraud offenses in violation of 18 U.S.C. § 1343, and

found defendant George Lindell guilty of Counts 17-20, which charged violations of 18 U.S.C. § 1957; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of an offense in violation of 18 U.S.C. § 1341 or 18 U.S.C. § 1343, which are specified unlawful activities within the meaning of 18 U.S.C. § 1956(c)(7), shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the violation; and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), a person convicted of an offense in violation of 18 U.S.C. § 1957 shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such offense; and

WHEREAS, on May 28, 2015, the jury returned a special verdict finding that up to $27,000 contained in Wells Fargo IRA Account Number XXXX-X984 held in the name of George Lindell constituted proceeds or property derived from proceeds that defendant George Lindell obtained, directly or indirectly, as a result of one or more of the mail fraud offenses alleged in Counts 1, 3-4, and 6-10 and one or more of the wire fraud offenses charged in Counts 14-15; and

WHEREAS, on September 8, 2016, following fully litigated post-trial motions, the Court ruled that $8,626,588.86, the amount of the money judgment sought by the United States as proceeds of the offenses charged in the

mail and wire fraud counts of which defendants were convicted, namely Counts 1, 3-4, 6-10, and 14-15, constitutes funds that defendants George Lindell and Holly Hoaeae obtained, directly or indirectly, as a result of the mail and wire fraud scheme, and that amount is therefore subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), and the government is entitled to a personal money judgment against defendants George Lindell and Holly Hoaeae, jointly and severally, in that amount; and

      WHEREAS the Court also held on September 8, 2016 that the United States has established, by a preponderance of the evidence, that it is entitled to the imposition of a forfeiture money judgment against defendant Lindell alone in the amount of $255,000, which represents the sum total of the funds that were involved in Counts 17-20, the offenses in violation of 18 U.S.C. § 1957 of which he was convicted; and

      WHEREAS the Court also held on September 8, 2016 that the entry of a personal money judgment in the amount of $8,626,588.86 is not excessive within the meaning of the Eighth Amendment to the United States Constitution; and

      WHEREAS, by virtue of the above, the United States is now entitled to all right, title, and interest in $8,626,588.86 in United States currency, representing the property that constitutes or was derived from the proceeds obtained, directly or indirectly, as the result of the offenses charged in Counts 1, 3-4, 6-10, and 14-15 in this matter; and

WHEREAS, by virtue of the above, the United States is also now entitled to all right, title, and interest in $255,000 in United States currency, representing the property that was involved in the offenses charged in Counts 17-20 in this matter; and

WHEREAS $27,000 of the funds contained in the Wells Fargo IRA Account Number XXXX-X984 held in the name of George Lindell, which was seized or restrained in place pursuant to a seizure warrant executed in February 2012 (the "Seized Forfeitable Property") is subject to forfeiture as property that constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1341 and 1343, and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of defendants George Lindell and Holly Hoaeae up to the value of the property described above, if any property subject to forfeiture, as a result of any act or omission of defendants George Lindell and Holly Hoaeae:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; and

WHEREAS Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

WHEREAS good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT all of the defendants' right, title, and interest in the above-described Seized Forfeitable Property, namely $27,000, is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

THAT, pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order and of its intent to dispose of the Seized Forfeitable Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

THAT the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Seized Forfeitable Property, as a substitute for published notice as to those persons notified; and

THAT, pursuant to 21 U.S.C. § 853(n)(2), any person, other than defendants George Lindell and Holly Hoaeae, asserting a legal interest in the Seized Forfeitable Property must file a petition with the Court for a hearing to

adjudicate the validity of the petitioner's alleged interest in the Seized Forfeitable Property within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier; and

THAT, pursuant to 21 U.S.C. § 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Seized Forfeitable Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought; and

THAT the Seized Forfeitable Property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of the Seized Forfeitable Property by the United States; and

THAT upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c)(2), in which all interests in the Seized Forfeitable Property will be addressed; and

THAT pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendants George Lindell and Holly Hoaeae, shall be made part of the sentence of defendants George Lindell and Holly Hoaeae, and shall be included in the judgment of conviction; and

THAT the total amount of money defendants George Lindell and Holly Hoaeae are required to forfeit is $8,626,588.86 (the "Amount Due"), consisting of, as to defendant George Lindell, $8,626,588.86 in United States currency (representing the proceeds obtained by defendants, directly or indirectly, as a result of the mail and wire fraud scheme charged in Counts 1, 3-4, 6-10, and 14-15), concurrently with $255,000 in United States currency (representing the funds that were involved in the offenses charged in Counts 17-20); and, as to defendant Holly Hoaeae, $8,626,588.86 in United States currency (representing the proceeds obtained by defendants, directly or indirectly, as a result of the mail and wire fraud scheme charged in Counts 1, 3-4, 6-10, and 14-15); and

THAT, if the forfeiture of the Seized Forfeitable Property, or any portion of it, becomes final, defendants George Lindell and Holly Hoaeae will be entitled to a credit against the Amount Due in the amount of the Seized Forfeitable Property that is forfeited; and

THAT a forfeiture money judgment (the "Money Judgment") in the amount of $8,626,588.86 shall be, and hereby is, entered against defendants George Lindell and Holly Hoaeae; and

THAT the defendants George Lindell and Holly Hoaeae shall be jointly and severally liable for the satisfaction of the Money Judgment; and

THAT, pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure, the United States is authorized to conduct any discovery needed to

identify, locate, or dispose of property subject to forfeiture, including depositions, interrogatories, requests for production of documents, and subpoenas; and

THAT any forfeited property, including the net proceeds derived from the sale of any forfeited property, will be applied to the Money Judgment until the Money Judgment is satisfied in full; and

THAT the United States may move at any time pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p) to amend this Order of Forfeiture to include substitute property having a value not to exceed $8,626,588.86 in United States currency, less the Seized Forfeitable Property to the extent that it is forfeited to the United States, to satisfy the Money Judgment in whole or in part; and

THAT this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary.

DATED:   September 13, 2016, at Honolulu, Hawaii.

SO ORDERED.



Derrick K. Watson
United States District Judge

---

*USA v. George Lindell, et al.*, Criminal No. 13-00512 DKW; **PRELIMINARY ORDER OF FORFEITURE (AS TO SPECIFIC PROPERTY) AND ORDER OF FORFEITURE (MONEY JUDGMENT)**