AO 245B    (Rev. 6/05) Judgment in a Criminal Case
Sheet 1

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DIS ... OF HAWAII

# United States District Court
## District of Hawaii

SEP 19 2016

at 10 o'clock and 38 min. a M.
SUE BEITIA, CLERK

UNITED STATES OF AMERICA
v.
**GEORGE LINDELL**

## JUDGMENT IN A CRIMINAL CASE

Case Number:    <u>1:13CR00512-001</u>
USM Number:    **00600-122**

**Lynn E. Panagakos**
Defendant's Attorney

## THE DEFENDANT:

[ ]    pleaded guilty to count(s): ___.
[ ]    pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[✔]    was found guilty on counts <u>1, 3, 4, 6, 7, 8, 9, 10, 14, 15, 17, 18, 19 and 20 of the Second Superseding
Indictment</u> after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through <u>10</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on counts(s)  ___ and is discharged as to such count(s).

[ ]    Count(s) ___ (is)(are) dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

September 15, 2016
Date of Imposition of Judgment

Signature of Judicial Officer

**DERRICK K. WATSON**, United States District Judge
Name & Title of Judicial Officer

9/16/16
Date

AO 245B     (Rev. 6/05) Judgment in a Criminal Case
            Sheet 1A

CASE NUMBER:    1:13CR00512-001                                    Judgment - Page 2 of 10
DEFENDANT:      GEORGE LINDELL

### ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 11/2010 | 1, 3, 4, 6, 7, 8, 9 and 10 |
| 18 U.S.C. § 1343 | Wire Fraud | 11/2010 | 14 and 15 |
| 18 U.S.C. § 1957 | Money Laundering | 09/2010 | 17, 18, 19 and 20 |

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | 1:13CR00512-001 | Judgment - Page 3 of 10 |
| DEFENDANT: | GEORGE LINDELL | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: TWO HUNDRED TEN (210) MONTHS.

This term consists of: TWO HUNDRED TEN (210) months as to Counts 1, 3, 4, 6, 7, 8, 9, 10, 14 and 15; and ONE HUNDRED TWENTY (120) months as to Counts 17, 18, 19 and 20, with all terms to run concurrently, for a total sentence of TWO HUNDRED TEN (210) months.

[✔]    The court makes the following recommendations to the Bureau of Prisons:
       1. Defendant to be placed at Sheridan FCI; and
       2. Defendant to receive Vocational and Educational Training.

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                              _____
                                                       UNITED STATES MARSHAL


                                    By    _____
                                                     Deputy U.S. Marshal

AO 245B     (Rev. 6/05) Judgment in a Criminal Case
            Sheet 3 - Supervised Release

CASE NUMBER:      1:13CR00512-001                                    Judgment - Page 4 of 10
DEFENDANT:        GEORGE LINDELL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: FIVE (5) YEARS.

This term consists of: THREE (3) years as to Counts 1, 3, 4, 6, 7, 8, 9, 10, 17, 18, 19 and 20; and FIVE (5) years as to Counts 14 and 15, with all terms to run concurrently, for a total of FIVE (5) years supervised release.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release.

[✔]     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]     The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check, if applicable*.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   The defendant shall report to the probation office in the federal judicial district where the defendant is authorized to reside within 72 hours of the time the defendant was sentenced, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
2)   After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.
3)   The defendant shall not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.
4)   The defendant shall answer truthfully the questions asked by the probation officer. A defendant's legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a probation officer's question shall not be considered a violation of this condition.
5)   The defendant shall live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
6)   The defendant shall allow the probation officer to visit the defendant at any time at the defendant's home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that the officer observes in plain view.
7)   The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about the defendant's work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
8)   The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9)   If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.
10)  The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed or was modified for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11)  The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12)  If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk;
13)  The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

CASE NUMBER:    1:13CR00512-001                                    Judgment - Page 5 of 10
DEFENDANT:      GEORGE LINDELL

## SPECIAL CONDITIONS OF SUPERVISION

1.  Restitution of $8,988,428.47, less any amounts paid by the Bankruptcy Trustee, is due in the amounts and to the victims identified in paragraph 160 of the Revised Presentence Report, and shall be paid jointly and severally with codefendant Holly Hoaeae. Any unpaid balance is to be paid during the period of supervision in monthly installments of 10% of the defendant's gross monthly income, commencing 30 days after the start of supervision. The Court may order that this requirement be changed from time to time as the defendant's circumstances warrant, but no Court order shall be required for the defendant's voluntary agreement to pay more than the Court-ordered amount. Interest is waived. Payments shall be made by payroll deduction, when applicable. The defendant shall notify the Probation Office of any change in his financial circumstances that affect his ability to pay. The defendant's financial circumstances shall be reviewed by the Probation Office on at least an annual basis.

2.  The defendant shall execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3.  The defendant is prohibited from incurring credit charges and lines of credit, or applying for any loans without the prior approval of the Probation Office, until such time that the restitution is paid is full.

4.  The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation, at the discretion and direction of the Court.

5.  The defendant shall provide to the Probation Office a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant and any business owned, in whole or in part, by the defendant.

6.  The defendant shall notify the Probation Office of any contemplated employment and shall obtain approval from the Probation Office for all employment. Unless the defendant is self-employed, he may not be employed in any capacity wherein he has custody, control, or management of his employer's funds.

7.  The defendant shall maintain a single personal bank account, separate and apart from his spouse, any family member or others, into which all income, financial proceeds, and gains shall be deposited and from which all expenses be paid.

AO 245B      (Rev. 6/05) Judgment in a Criminal Case
             Sheet 3 - Supervised Release

CASE NUMBER:        1:13CR00512-001                                    Judgment - Page 6 of 10
DEFENDANT:          GEORGE LINDELL

8.   The defendant shall provide the Probation Office with access to any and all business records,
     financial records, client lists, and other records, pertaining to the operation of any business owned,
     in whole or in part, by the defendant, as directed by the Probation Office.

9.   The defendant shall submit his person, property, house, residence, vehicle, papers, or office, to a
     search conducted by a United States Probation Officer.  Failure to submit to a search may be
     grounds for revocation of release.  The defendant shall warn any other occupants that the premises
     may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to
     this condition only when reasonable suspicion exists that the defendant has violated a condition of
     his supervision and that the areas to be searched contain evidence of this violation.  Any search
     must be conducted at a reasonable time and in a reasonable manner.

AO 245 B    (Rev. 6/05) Judgment in a Criminal Case
            Sheet 5 - Criminal Monetary Penalties

| | | |
|---|---|---|
| CASE NUMBER: | 1:13CR00512-001 | Judgment - Page 7 of 10 |
| DEFENDANT: | GEORGE LINDELL | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 1,400.00 | $ | $ 8,988,428.47 |

[ ]  The determination of restitution is deferred until      . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[✔]  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| RAg | $2,220.47 | | |
| KAi & HAi | $46,466.37 | | |
| MAI | $161,749.84 | | |
| MAm | $17,567.00 | | |
| PA | $85,026.00 | | |
| RAn & MAn | $33,459.83 | | |
| JA & RA | $10,965.09 | | |
| EBa & RBa | $156,376.00 | | |
| EsBa | $142,000.00 | | |
| JBa & RyBa | $20,461.53 | | |
| MBa | $7,400.00 | | |
| SB | $51,200.00 | | |
| JBe | $11,800.00 | | |
| VB | $134,649.02 | | |
| AB | $311,262.99 | | |
| TB & TiB | $148,229.31 | | |
| CB | $39,215.98 | | |
| DB | $146,585.73 | | |
| GB | $29,500.00 | | |
| MBr & JBr | $142.52 | | |
| JC | $100,000.00 | | |
| DCa | $187,608.31 | | |
| SC | $181,053.43 | | |
| VC | $21,818.47 | | |
| RC & KC | $4,580.40 | | |
| MC & LC | $30,222.76 | | |
| GC & AC | $214,814.69 | | |
| DCo | $236,422.84 | | |
| CC & JaC | $119,890.00 | | |
| JD & MD | $550,700.00 | | |
| RMD | $20,000.00 | | |
| GD & CMD | $69,744.00 | | |
| ADR | $5,500.00 | | |
| CDC | $5,415.00 | | |
| LE | $295,261.63 | | |
| BF & TF | $53,461.11 | | |
| NF & FF | $70,000.00 | | |
| AF & GA | $24,429.89 | | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B    (Rev. 6/05) Judgment in a Criminal Case
            Sheet 5 - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: | 1:13CR00512-001 |
| DEFENDANT: | GEORGE LINDELL |

Judgment - Page 8 of 10

| | |
|---|---|
| HF | $15,888.54 |
| KF | $12,000.00 |
| BGad | $14,234.79 |
| BGas & CGas | $171,890.56 |
| NH | $80,039.59 |
| KH | $62,084.78 |
| DHa | $6,859.98 |
| BHa & CHa | $414,285.63 |
| SH | $14,402.58 |
| BHi | $18,513.51 |
| GHi & OHi | $184,145.35 |
| MH & JH | $6,200.00 |
| KJ & CL-J | $8,570.00 |
| SJo | $65,241.44 |
| SJu | $11,000.00 |
| BK & LK | $88,052.87 |
| KK & SK | $20,000.00 |
| ML | $68,083.21 |
| SL | $36,693.49 |
| MM | $14,353.12 |
| CMan | $474.50 |
| RM | $161,843.36 |
| CMau | $9,999.00 |
| JMau | $66,248.17 |
| TMc & DC | $35,500.00 |
| RMc & CMc | $470,728.00 |
| JPMi & SMi | $8,448.04 |
| JMi | $16,163.72 |
| SMo & OMo | $15,000.00 |
| JNo & BNo | $12,235.49 |
| EO & SF | $50,271.44 |
| JO & IO | $87,773.93 |
| DP | $53,563.42 |
| APa & LPa | $113,366.14 |
| VPa | $85,872.94 |
| LP | $26,500.00 |
| APi | $8,703.51 |
| GPo | $4,000.00 |
| HPo & WPo | $264,744.20 |
| DPo | $12,197.69 |
| SP & LiP | $61,504.50 |
| BPr & WPr | $78,050.95 |
| JPr | $1,450.00 |
| JPu & RPu | $24,000.00 |
| JQ | $17,663.00 |
| RR | $10,000.00 |
| ZR | $286,854.40 |
| WR & PR | $50,000.00 |
| TR & BR | $9,800.00 |
| JR & CR | $89,640.04 |
| HRB | $7,716.86 |
| PS | $170,000.00 |
| FS | $101,488.45 |
| JSc | $74,317.19 |
| MShel | $15,700.00 |
| MShep | $10,000.00 |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B    (Rev. 6/05) Judgment in a Criminal Case
            Sheet 5 - Criminal Monetary Penalties

CASE NUMBER:        1:13CR00512-001                                Judgment - Page 9  of  10
DEFENDANT:          GEORGE LINDELL

| | |
|---|---|
| JSi | $153,161.51 |
| DS-B | $91,458.84 |
| SSt | $25,123.96 |
| MSt | $15,000.00 |
| BT | $32,900.00 |
| JT & LT | $103,997.00 |
| MV | $25,962.11 |
| DV | $24,200.00 |
| CV | $17,614.95 |
| LWe | $88,500.00 |
| MW | $113,500.00 |
| DW | $494,515.86 |
| WW & JW | $30,000.00 |
| LY & JY | $200,935.65 |

**TOTALS**          $ 8,988,428.47                    $ _

[ ]    Restitution amount ordered pursuant to plea agreement   $ _

[ ]    The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full
       before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on
       Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✔]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

       [✔]    the interest requirement is waived for the        [ ] fine        [✔] restitution

       [ ]    the interest requirement for the    [ ] fine     [ ] restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses
committed on or after September 13,1994, but before April 23,1996.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 6 - Schedule of Payments

CASE NUMBER:     1:13CR00512-001                                    Judgment - Page 10 of 10
DEFENDANT:       GEORGE LINDELL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ _ due immediately, balance due
            [ ]     not later than _ , or
            [ ]     in accordance   [ ] C,   [ ] D,   [ ] E, or [ ] F below, or

B    [✔]    Payment to begin immediately (may be combined with      [ ] C,   [ ] D, or [✔] F below); or

C    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or
            years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or
            years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from
            imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at
            that time; or

F    [✔]    Special instructions regarding the payment of criminal monetary penalties: Restitution of $8,988,428.47, less
            any amounts paid by the Bankruptcy Trustee, is due in the amounts and to the victims identified in paragraph
            160 of the Revised Presentence Report, and shall be paid jointly and severally with codefendant Holly Hoaeae.
            Any unpaid balance is to be paid during the period of supervision in monthly installments of 10% of the
            defendant's gross monthly income, commencing 30 days after the start of supervision.  The Court may order
            that this requirement be changed from time to time as the defendant's circumstances warrant, but no Court
            order shall be required for the defendant's voluntary agreement to pay more than the Court-ordered amount.
            Interest is waived.  Payments shall be made by payroll deduction, when applicable.  The defendant shall notify
            the Probation Office of any change in his financial circumstances that affect his ability to pay.  The defendant's
            financial circumstances shall be reviewed by the Probation Office on at least an annual basis.

If this judgment imposes imprisonment, payment of criminal monetary penalties is not due during imprisonment, unless
specifically required by this judgment.  However, this order does not preclude a defendant from making voluntary payments
towards any criminal monetary penalties.  All criminal monetary penalties, except those payments made through the Federal
Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several
       Amount, and corresponding pay, if appropriate.

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[✔]    The defendant shall forfeit the defendant's interest in the following property to the United States:
       Preliminary Order of Forfeiture is attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine
principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

FLORENCE T. NAKAKUNI   #2286
United States Attorney
District of Hawaii

KENNETH M. SORENSON
MARION PERCELL
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mails:   Ken.Sorenson@usdoj.gov
           Marion.Percell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 13-00512 DKW |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE (AS TO SPECIFIC |
| vs. | ) | PROPERTY) AND |
| | ) | ORDER OF FORFEITURE |
| GEORGE LINDELL and   (01) | ) | (MONEY JUDGMENT) |
| HOLLY HOAEAE,   (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRELIMINARY ORDER OF FORFEITURE (AS TO SPECIFIC PROPERTY)
AND ORDER OF FORFEITURE (MONEY JUDGMENT)

WHEREAS, on October 23, 2014, a Second Superseding Indictment

was returned against defendants George Lindell and Holly Hoaeae charging

them, in Counts 1 through 15, with mail and wire fraud in violation of 18 U.S.C.

§§ 1341 and 1343, and charging defendant Lindell, in Counts 16 through 20,

with conducting transactions in criminally derived property in violation of 18

U.S.C. § 1957; and

WHEREAS the Second Superseding Indictment included forfeiture

allegations giving notice that the United States would seek forfeiture of (1) any

property, real and personal, which constitutes or is derived from proceeds

traceable to the commission of the offenses set forth in Counts 1 through 15 of

the Second Superseding Indictment, including but not limited to (a) $27,000

contained in Wells Fargo IRA Account Number XXX-7984 held in the name of

George Lindell, and (b) a sum of money equal to $8,626,588.86 in United States

currency, which represents the proceeds obtained by the defendants as a result

of the mail fraud and wire fraud offenses alleged in Counts 1 through 15 of the

Second Superseding Indictment; and (2) any property, real or personal, involved

in the offenses set forth in Counts 16 through 20 of the Second Superseding

Indictment, including but not limited to a sum of money equal to the amount of

United States currency identified in the offenses charged in Counts 16 through

20 of the Second Superseding Indictment, as alleged in the Second Superseding

Indictment; and

WHEREAS, on May 27, 2015, a jury sitting in the United States

District Court for the District of Hawaii returned a verdict finding defendants

George Lindell and Holly Hoaeae guilty of Counts 1, 3-4, and 6-10, which

charged mail fraud offenses in violation of 18 U.S.C. § 1341, and of Counts

14-15, which charged wire fraud offenses in violation of 18 U.S.C. § 1343, and

found defendant George Lindell guilty of Counts 17-20, which charged violations of 18 U.S.C. § 1957; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of an offense in violation of 18 U.S.C. § 1341 or 18 U.S.C. § 1343, which are specified unlawful activities within the meaning of 18 U.S.C. § 1956(c)(7), shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the violation; and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), a person convicted of an offense in violation of 18 U.S.C. § 1957 shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such offense; and

WHEREAS, on May 28, 2015, the jury returned a special verdict finding that up to $27,000 contained in Wells Fargo IRA Account Number XXXX-X984 held in the name of George Lindell constituted proceeds or property derived from proceeds that defendant George Lindell obtained, directly or indirectly, as a result of one or more of the mail fraud offenses alleged in Counts 1, 3-4, and 6-10 and one or more of the wire fraud offenses charged in Counts 14-15; and

WHEREAS, on September 8, 2016, following fully litigated post-trial motions, the Court ruled that $8,626,588.86, the amount of the money judgment sought by the United States as proceeds of the offenses charged in the

3

mail and wire fraud counts of which defendants were convicted, namely Counts 1, 3-4, 6-10, and 14-15, constitutes funds that defendants George Lindell and Holly Hoaeae obtained, directly or indirectly, as a result of the mail and wire fraud scheme, and that amount is therefore subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), and the government is entitled to a personal money judgment against defendants George Lindell and Holly Hoaeae, jointly and severally, in that amount; and

WHEREAS the Court also held on September 8, 2016 that the United States has established, by a preponderance of the evidence, that it is entitled to the imposition of a forfeiture money judgment against defendant Lindell alone in the amount of $255,000, which represents the sum total of the funds that were involved in Counts 17-20, the offenses in violation of 18 U.S.C. § 1957 of which he was convicted; and

WHEREAS the Court also held on September 8, 2016 that the entry of a personal money judgment in the amount of $8,626,588.86 is not excessive within the meaning of the Eighth Amendment to the United States Constitution; and

WHEREAS, by virtue of the above, the United States is now entitled to all right, title, and interest in $8,626,588.86 in United States currency, representing the property that constitutes or was derived from the proceeds obtained, directly or indirectly, as the result of the offenses charged in Counts 1, 3-4, 6-10, and 14-15 in this matter; and

4

WHEREAS, by virtue of the above, the United States is also now entitled to all right, title, and interest in $255,000 in United States currency, representing the property that was involved in the offenses charged in Counts 17-20 in this matter; and

WHEREAS $27,000 of the funds contained in the Wells Fargo IRA Account Number XXXX-X984 held in the name of George Lindell, which was seized or restrained in place pursuant to a seizure warrant executed in February 2012 (the "Seized Forfeitable Property") is subject to forfeiture as property that constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1341 and 1343, and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of defendants George Lindell and Holly Hoaeae up to the value of the property described above, if any property subject to forfeiture, as a result of any act or omission of defendants George Lindell and Holly Hoaeae:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; and

WHEREAS Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

WHEREAS good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT all of the defendants' right, title, and interest in the above-described Seized Forfeitable Property, namely $27,000, is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

THAT, pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order and of its intent to dispose of the Seized Forfeitable Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

THAT the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Seized Forfeitable Property, as a substitute for published notice as to those persons notified; and

THAT, pursuant to 21 U.S.C. § 853(n)(2), any person, other than defendants George Lindell and Holly Hoaeae, asserting a legal interest in the Seized Forfeitable Property must file a petition with the Court for a hearing to

6

adjudicate the validity of the petitioner's alleged interest in the Seized Forfeitable Property within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier; and

THAT, pursuant to 21 U.S.C. § 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Seized Forfeitable Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought; and

THAT the Seized Forfeitable Property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of the Seized Forfeitable Property by the United States; and

THAT upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c)(2), in which all interests in the Seized Forfeitable Property will be addressed; and

THAT pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendants George Lindell and Holly Hoaeae, shall be made part of the sentence of defendants George Lindell and Holly Hoaeae, and shall be included in the judgment of conviction; and

7

THAT the total amount of money defendants George Lindell and

Holly Hoaeae are required to forfeit is $8,626,588.86 (the "Amount Due"),

consisting of, as to defendant George Lindell, $8,626,588.86 in United States

currency (representing the proceeds obtained by defendants, directly or

indirectly, as a result of the mail and wire fraud scheme charged in Counts 1,

3-4, 6-10, and 14-15), concurrently with $255,000 in United States currency

(representing the funds that were involved in the offenses charged in Counts

17-20); and, as to defendant Holly Hoaeae, $8,626,588.86 in United States

currency (representing the proceeds obtained by defendants, directly or

indirectly, as a result of the mail and wire fraud scheme charged in Counts 1,

3-4, 6-10, and 14-15); and

THAT, if the forfeiture of the Seized Forfeitable Property, or any

portion of it, becomes final, defendants George Lindell and Holly Hoaeae will be

entitled to a credit against the Amount Due in the amount of the Seized

Forfeitable Property that is forfeited; and

THAT a forfeiture money judgment (the "Money Judgment") in the

amount of $8,626,588.86 shall be, and hereby is, entered against defendants

George Lindell and Holly Hoaeae; and

THAT the defendants George Lindell and Holly Hoaeae shall be

jointly and severally liable for the satisfaction of the Money Judgment; and

THAT, pursuant to Rule 32.2(c) of the Federal Rules of Criminal

Procedure, the United States is authorized to conduct any discovery needed to

identify, locate, or dispose of property subject to forfeiture, including depositions, interrogatories, requests for production of documents, and subpoenas; and

THAT any forfeited property, including the net proceeds derived from the sale of any forfeited property, will be applied to the Money Judgment until the Money Judgment is satisfied in full; and

THAT the United States may move at any time pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p) to amend this Order of Forfeiture to include substitute property having a value not to exceed $8,626,588.86 in United States currency, less the Seized Forfeitable Property to the extent that it is forfeited to the United States, to satisfy the Money Judgment in whole or in part; and

THAT this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary.

DATED:   September 13, 2016, at Honolulu, Hawaii.

SO ORDERED.



Derrick K. Watson
United States District Judge

_USA v. George Lindell, et al.,_ Criminal No. 13-00512 DKW; **PRELIMINARY ORDER OF FORFEITURE (AS TO SPECIFIC PROPERTY) AND ORDER OF FORFEITURE (MONEY JUDGMENT)**