IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA, Plaintiff, v. GEORGE LINDELL, Defendant. | Case No. 13-cr-00512-DKW-1 **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT GEORGE LINDELL'S MOTION TO STAY OR, ALTERNATIVELY, CONTINUE DEADLINE [DKT. NO. 421][1]** |
|---|---|

On April 28, 2020, the government moved for an amended preliminary order of forfeiture and a partial final order of forfeiture in this case ("government motion"). On June 16, 2020, after receiving two extensions of time to file a response, Defendant George Lindell filed the instant motion to stay all forfeiture orders or, alternatively, to continue the deadline to file his response to the government motion by six months ("defendant's motion"). For a simple reason–the lack of a legal basis–Lindell's request for a stay is denied. As for a continuance, having considered the record, the Court will allow Lindell one further extension of time until July 31, 2020 to file a response to the government motion. As a result, defendant's motion is DENIED IN PART and GRANTED IN PART, as set forth herein.

[1]Pursuant to Local Rule 7.1(c), the Court finds resolution of this matter suitable without a hearing.

**RELEVANT BACKGROUND**

On September 19, 2016, Judgment was entered against Lindell after he was convicted by a jury of multiple counts of mail fraud, wire fraud, and money laundering. Dkt. No. 356. In addition, the jury determined that $27,000 in an IRA account held in Lindell's name constituted proceeds derived from some of his offenses ("Seized Forfeitable Property"). Dkt. No. 205. Included in the Judgment of Conviction was a Preliminary Order of Forfeiture and Order of Forfeiture ("Preliminary Forfeiture Order"). Therein, among other things, Lindell's interest was forfeited in the Seized Forfeitable Property and a Money Judgment in the amount of more than $8 million was entered against Lindell and his co-defendant. The government was also permitted, pursuant to Federal Rule of Criminal Procedure 32.2(e) and 21 U.S.C. § 853(p), to move at any time to amend the Preliminary Forfeiture Order to include substitute property in order to satisfy the Money Judgment. On April 1, 2019, the Ninth Circuit Court of Appeals affirmed Lindell's convictions. Dkt. No. 399.

Over a year later, on April 28, 2020, the government moved both to amend the Preliminary Order of Forfeiture and for a partial final order with respect to the Seized Forfeitable Property. Dkt. No. 407. Thereafter, Lindell's then-counsel moved to withdraw, Dkt. No. 409, a request that was granted on May 18, 2020, Dkt.

No. 415. On the same day, new counsel for Lindell was appointed pursuant to the Criminal Justice Act. Dkt. No. 414. At the same time, Lindell requested a two-week extension of the deadline to respond to the government motion, Dkt. No. 417, which was granted, giving him until June 2, 2020 to respond, Dkt. No. 418. On May 27, 2020, Lindell made a second request for a two-week extension of time to respond to the government motion, Dkt. No. 419, which was also granted, giving him until June 16, 2020 to respond, Dkt. No. 420.

On June 16, 2020, Lindell filed the instant motion to stay all forfeiture orders or, alternatively, to continue the deadline to respond to the government motion. Dkt. No. 421. On June 30, 2020, the government filed an opposition to defendant's motion, Dkt. No. 424, and, on July 8, 2020, Lindell filed a reply in support of the same, Dkt. No. 425. This Order with respect to defendant's motion now follows.[2]

## DISCUSSION

### I. Stay

Lindell asks for a stay of "[a]ll forfeiture orders" because he anticipates possibly filing a collateral motion to vacate his convictions or sentence under

---

[2]Because briefing is incomplete with respect to the government motion, this Order does not resolve the same.

Section 2255 of Title 28. Dkt. No. 421 at 11-14.[3] Citing to Federal Rule of Criminal Procedure 32.2(d), Lindell asserts that, although Rule 32.2(d) permits a court to stay an order of forfeiture pending appellate review, a Section 2255 motion serves a similar purpose to an appeal. Whether or not that contention is true, this Court cannot re-write the words of the rule itself. As defendant acknowledges, pursuant to Rule 32.2(d), a forfeiture order may be stayed pending an *appeal*. Lindell, however, has already unsuccessfully appealed his convictions. Therefore, Rule 32.2(d) simply cannot apply here, something which Lindell appears to accept, given that he does not address this issue in his reply. *See generally* Dkt. No. 425. As a result, to the extent defendant's motion seeks a stay in this case, the motion is DENIED.

## II. Continuance

Lindell asserts that he requires a further extension of time to respond to the government motion because, in that motion, the government cites to 14 different days of trial testimony, there are "ancillary proceedings" that may impact the government's claim to the remaining balance in the IRA account, and the law of criminal forfeiture and the financial transactions at issue in this case are

[3]Because counsel has not properly numbered the pages in defendant's motion–for example, in the same filing, there are three different pages, each with the page number of 2–for simplicity, the Court cites to the page numbers assigned by CM/ECF at the top of each page.

complicated. Dkt. No. 421 at 14-15. Lindell's counsel states that it will take four to six weeks to review the trial transcripts in this case, *id*. at 6 (¶ 11), and requests "at least six months" to file a response, *id*. at 7 (¶ 18).

Having considered Lindell's assertions and, more generally, the record, the Court finds that a brief, further extension is warranted for Lindell to respond to the 12-page government motion filed on April 28, 2020. Specifically, until July 31, 2020. Although Lindell's counsel requests "at least six [more] months" to file a response, such a prolonged extension is not justified. Instead, with a July 31, 2020 deadline, Lindell's counsel will have had two and a half months from the time of her appointment to prepare a response, far more than the time she herself has identified as necessary to review the trial transcripts in this case. While the Court understands that more than merely reviewing the transcripts is necessary, under the circumstances, the Court finds this third extension to afford a more than reasonable period to file a response. As a result, to the extent defendant's motion seeks a continuance of the time to file a response to the government motion, the same is GRANTED IN PART and DENIED IN PART.[4]

---

[4]Having reviewed the parties' arguments in the briefing on defendant's motion, the Court makes the following final observation. In defendant's motion, Lindell asserts that (1) there are "ancillary proceedings" that may affect the government's attempt to preliminarily forfeit the remaining balance of the IRA account, and (2) no documentation has been provided to support the government's assertion that notice was provided with respect to the Seized Forfeited Property. While the Court has no intention of ruling on the government motion herein, because the

## CONCLUSION

To the extent set forth herein, the motion to stay all forfeiture orders or, alternatively, to continue the deadline to respond to the government motion, Dkt. No. 421, is DENIED IN PART and GRANTED IN PART. Lindell may have until July 31, 2020 to file a response to the government motion. The government may have until August 12, 2020 to file a reply in support of the same.

IT IS SO ORDERED.

DATED: July 14, 2020 at Honolulu, Hawai‘i.




Derrick K. Watson
United States District Judge

---

opportunity presents itself, the Court notes the following. First, to the extent some unidentified "ancillary proceeding" may effect the remaining balance of the IRA account, that appears to be irrelevant to whether the government is entitled to a preliminary order of forfeiture with respect to the same, given that such an unidentified "ancillary proceeding" would appear to be encompassed by the procedure envisioned in 21 U.S.C. § 853(n)–something that occurs "following the entry of an order of forfeiture…." 21 U.S.C. § 853(n)(1). Second, while the Court does not disagree with the government that, with respect to the Seized Forfeitable Property, Lindell has forfeited any interest in the same, *see* Dkt. No. 424 at 2, that does not absolve the government of showing that it is entitled to "clear title" to the Seized Forfeitable Property under 21 U.S.C. § 853(n)(7). That requires a showing that the "period provided in paragraph (2)" has expired. The Court is not prepared to simply assume, based solely upon the government's say-so, that such period has expired, rather than requiring some documentation, such as the published or direct notice provided and the dates for the same. The government's motion does not include any documentation, and no dates for (or even the manner of) the alleged notice are mentioned therein. *See* Dkt. No. 407-1 at 2-3.